IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID LEVY, | CIV. NO. 11-00159 SOM/KSC |
| Plaintiff, | |
| | ORDER DISMISSING COMPLAINT |
| vs. | |
| WELLS FARGO BANK, as Trustee for Option One Mortgage Loan Trust 2006-1, Asset Backed Certificates, Series 2006-1; <u>et al.</u> | |
| Defendants. | |

<u>ORDER DISMISSING COMPLAINT</u>

I.  <u>INTRODUCTION AND FACTUAL BACKGROUND.</u>

On March 11, 2011, David Levy filed the Complaint in this matter. Levy alleges that Wells Fargo Bank, as Trustee for Option One Mortgage Loan Trust 2006-1, Asset Backed Certificates, Series 2006-1 ("Wells Fargo"), violated state and federal statutes in connection with a residential mortgage loan.

Because the Complaint lacks sufficient factual detail to support its claims against Wells Fargo, Well's Fargo's motion to dismiss is granted without a hearing pursuant to Local Rule 7.2(d) and the Complaint is dismissed.

II.  <u>STANDARD.</u>

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001); <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the

pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See <u>Keams v. Tempe Tech. Inst., Inc.</u>, 110 F.3d 44, 46 (9th Cir. 1997); <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. See <u>Marder v. Lopez</u>, 450 F.3d 445, 448 (9th Cir. 2006); <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th Cir. 2005).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. <u>Fed'n of African Am. Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. <u>Sprewell</u>, 266 F.3d at 988. Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. <u>Sprewell</u>, 266 F.3d at 988. Dismissal under Rule 12(b)(6) may be

based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988) (citing <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted); <u>accord</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." <u>Id.</u> at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

III.     BACKGROUND.

The Complaint contains very few factual details. It does not, for example, allege when the loan occurred or provide any information about the loan. In fact, the Complaint is similar to a number of Complaints filed by Levy's attorney that have been found wanting by the court.

In this case, Levy essentially alleges that Wells Fargo was his original lender. See Complaint ¶¶ 12-17, 19-31, 39-40, 42-46, Mar. 10, 2011, ECF No. 1 (detailing wrongdoing by Wells in connection with the closing of the loan). Levy alleges that he has experienced financial hardship and attempted to negotiate with Wells Fargo to modify the loan. Id. ¶¶ 34-37. Levy accuses Wells Fargo of failing to provide him with a reasonable opportunity to modify the terms of his loan. Id. ¶ 38.

Wells Fargo has moved to dismiss Levy's Complaint. See ECF No. 8, Apr. 25, 2011. Wells Fargo attaches to its motion various public record documents establishing that Wells Fargo was not Levy's original lender. For example, on August 25, 2005, a mortgage was recorded in the State of Hawaii Bureau of Conveyances. See Doc. No. 2005-171165, ECF No. 8-3. This document, which the court takes judicial notice of, indicates that, in August 2005, David Levy gave a mortgage to Option One

4

Mortgage Corporation to secure a $390,000.00 note.  See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (providing that, when ruling on a motion to dismiss, a court may take judicial notice of matters of public record outside the pleadings and consider those matters when adjudicating the motion to dismiss).  The court further takes judicial notice that, on October 4, 2010, Sand Canyon Corporation, formerly known as Option One Mortgage Corporation, assigned the note and mortgage to Wells Fargo.  See Doc. No. 2010-148019, Oct. 4, 2010, ECF No. 8-4; Mir, 814 F.2d at 649.

Although Levy disputes the authenticity of these recorded documents, he admits in his opposition to the motion to dismiss that his original lender was Option One and claims that "Wells Fargo has successor liability."  See Opposition at 2, ECF No. 19.  However, the Complaint contains no allegations as to why Wells Fargo should have such "successor liability."  The court notes that the opposition violates the court's local rules in several respects.  First, it violates Local Rule 7.5(a) or (b) by exceeding thirty pages or 9,000 words without first obtaining leave of court.  Second, the Opposition violates Local Rule 7.5(f) by failing to have a table of contents and table of authorities cited.  Levy's counsel is warned that, if he violates these rules again, or if he continues to flout the court's local rules, he will be subject to sanctions.

IV.     ANALYSIS.

Wells Fargo seeks dismissal of the Complaint, arguing that it fails to sufficiently allege a claim against it. This court agrees that Levy's Complaint fails to satisfy the minimal pleading standards set forth in Twombley and Iqbal, as it lacks facial plausibility. The Complaint essentially seeks damages from Wells Fargo for actions taken by Option One, the original lender. Although Levy's opposition indicates that he is seeking to hold Wells Fargo liable under a "successor liability" theory, the Complaint is devoid of any facts supporting such a claim. Instead, it appears that Levy, through his counsel, Robin R. Horner, simply filed a "form complaint" and either did not realize or did not bother to allege that Wells Fargo was assigned the original lender's rights. In failing to recognize that Wells Fargo was not the original lender in this case, Levy's counsel may have violated Rule 11(b)(2) and (3) of the Federal Rules of Civil Procedure. Horner was recently cautioned about complying with his Rule 11 obligations in connection with filing "form complaints" that presented deficient arguments previously rejected on multiple occasions by the court. See Rey v. Countrywide Home Loans, Inc., 2011 WL 2160679, *3 (D. Haw., June 1, 2011). This judge once again cautions Horner to comply with his Rule 11 obligations in all future filings with this court. Any future filing that fails to comply with those obligations may

result in serious repercussions, including but not limited to substantial financial sanctions.

To the extent the Complaint seeks to hold Wells Fargo liable for any federal or state violation based on the original lender's conduct, the Complaint is dismissed, as it is clear that Wells Fargo is not the original lender and there are no factual allegations in the Complaint supporting a claim that Wells Fargo should be held liable for the original lender's conduct.

The dismissal of these claims leaves for adjudication only state-law claims based on Wells Fargo's alleged refusal to negotiate a loan modification in good faith. Because the court has dismissed the claims giving rise to federal question jurisdiction under 28 U.S.C. § 1331, and because the Complaint does not assert diversity jurisdiction under 28 U.S.C. § 1332, the court declines to exercise supplemental jurisdiction over the state law claims at this time. Accordingly, those claims are dismissed. See United Mine Workers of Amer. v. Gibbs, 383 U.S. 715, 726 (1966).

Levy is granted leave to file an Amended Complaint no later than July 12, 2011. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). In filing any such Amended Complaint, Levy may, through his counsel, reassert the claims asserted in the original Complaint, but must ensure that any such Amended Complaint meets the required minimal pleading standards. This

means that, before simply reasserting claims, counsel should examine the relevant facts and tailor claims based on those facts. Having been cautioned against filing unwarranted claims, see Rey, 2011 WL 2160679, *3, Levy's counsel should ensure that no unwarranted claims are asserted in any Amended Complaint. If, for example, a claim is barred by the relevant statute of limitation, it should not be asserted. If there is legal theory under which Wells Fargo is liable for Option One's alleged actions, the facts supporting that theory should be alleged. That is, Levy should not simply repeat a conclusion that Wells Fargo is liable as a successor or trustee. If there is no legal justification for holding Wells Fargo liable for another company's conduct, a claim against Wells Fargo should not be asserted. Finally, because the claims asserted in various "form complaints" filed by Horner on behalf of his clients have been rejected numerous times, Levy should consider whether it is appropriate to assert them in this action at all. In reminding counsel about his Rule 11 obligations, this court expresses no inclination as to the validity of any claim Levy may assert. The court is not here prejudging Levy's possible claims, but merely requiring any Amended Complaint to assert only potentially valid claims that have some factual basis supporting them.

V.      CONCLUSION.

For the foregoing reasons, the court dismisses the Complaint. As described above, Levy may file an Amended Complaint no later than July 12, 2011.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 22, 2011.



       /s/ Susan Oki Mollway
       Susan Oki Mollway
       Chief United States District Judge

Levy v. Wells Fargo, et al., Civil No. 11-00159 SOM/KSC; ORDER DISMISSING COMPLAINT