IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DAVID LEVY, | ) | CIV. NO. 11-00159 SOM/KSC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |
| WELLS FARGO BANK, as Trustee for Option One Mortgage Loan Trust 2006-1, Asset Backed Certificates, Series 2006-1; <u>et al.</u> | ) | |
| Defendants. | ) | |

<u>ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>

I.  <u>INTRODUCTION.</u>

This court previously dismissed the Complaint in this matter, giving Plaintiff David Levy leave to file an Amended Complaint no later than July 12, 2011. Levy did not timely file an Amended Complaint. Instead, claiming "administrative error" with no further explanation, Levy filed a motion to file a proposed Amended Complaint on July 14, 2011. That motion is denied without a hearing pursuant to Local Rule 7.2(d), which gives this court discretion to decide any motion without a hearing.

In deciding the motion, the court has considered the motion itself, ECF No. 24, as well as the Opposition to the motion, ECF No. 25. Levy did not timely file a reply in support of his motion.

II.      FACTUAL BACKGROUND.

On March 11, 2011, Levy filed the Complaint in this matter. Levy alleged that Wells Fargo Bank, as Trustee for Option One Mortgage Loan Trust 2006-1, Asset Backed Certificates, Series 2006-1 ("Wells Fargo"), had violated state and federal statutes in connection with a residential mortgage loan. See ECF No. 1. Because the Complaint lacked sufficient factual detail to support its claims against Wells Fargo, the court granted Well's Fargo's motion to dismiss, giving Levy leave to file an Amended Complaint no later than July 12, 2011. See ECF No. 23.

Given Levy's counsel's history of filing what appear to be "form" complaints, the court warned Levy's counsel:

> In filing any such Amended Complaint, Levy may, through his counsel, reassert the claims asserted in the original Complaint, but must ensure that any such Amended Complaint meets the required minimal pleading standards. This means that, before simply reasserting claims, counsel should examine the relevant facts and tailor claims based on those facts. Having been cautioned against filing unwarranted claims, see Rey, 2011 WL 2160679, *3, Levy's counsel should ensure that no unwarranted claims are asserted in any Amended Complaint. If, for example, a claim is barred by the relevant statute of limitation, it should not be asserted. If there is legal theory under which Wells Fargo is liable for Option One's alleged actions, the facts supporting that theory should be alleged. That is, Levy should not simply repeat a conclusion that Wells Fargo is liable as a successor or trustee. If there is no legal justification for holding Wells Fargo liable for another company's conduct, a claim against Wells Fargo should not be

> asserted. Finally, because the claims
> asserted in various "form complaints" filed
> by Horner on behalf of his clients have been
> rejected numerous times, Levy should consider
> whether it is appropriate to assert them in
> this action at all. In reminding counsel
> about his Rule 11 obligations, this court
> expresses no inclination as to the validity
> of any claim Levy may assert. The court is
> not here prejudging Levy's possible claims,
> but merely requiring any Amended Complaint to
> assert only potentially valid claims that
> have some factual basis supporting them.

See ECF No. 23 at 7-8.

Levy did not timely file an Amended Complaint. Instead, on July 14, 2011, Levy filed a Motion for Leave to File an Amended Complaint. See ECF No. 24. Levy provided no reason as to why he did not timely file his Amended Complaint, stating only that an "administrative error" caused the July 12 deadline to be missed. See id. Levy attached a proposed Amended Complaint to his motion. In that document, Levy says that he received a loan from Option One Mortgage Corporation that was brokered by Keauhou Mortgage. See id. ¶¶ 12-15. Most of the allegations in the proposed Amended Complaint concern alleged violations by Option One and Keauhou Mortgage of various duties concerning that loan. See ECF No. 24-2. Levy alleges that his loan was sold to Wells Fargo. Id. ¶ 54.

The proposed Amended Complaint is quite lengthy, containing 40 pages and 155 paragraphs of allegations, most of which are against persons and entities not associated with

Defendant Wells Fargo. In fact, Wells Fargo is mentioned only in paragraphs 9, 54, 57, and 73-79. Id. There is no allegation that Wells Fargo assumed liability by contract or under law for actions by others. Successor liability of Wells Fargo is not mentioned at all.

The sole Defendant in this action, Wells Fargo, is not expressly charged with wrongdoing or liability in any count in the proposed Amended Complaint. See, e.g., ECF No. 24-2, Proposed Count I, ¶ 87 ("the Broker [Keauhou Mortgage], Option One and BAC/BOA are liable to Plaintiff"); Proposed Count II ¶ 90 (claiming that Keauhou Mortgage, Option One, and BAC/BOA concealed information from Levy); Proposed Count III ¶ 100 (alleging that BAC/BOA has successor liability with respect to Option One's alleged breach of fiduciary duties); Proposed Count IV, ¶¶ 104-05 (alleging that Option One and BAC/BOA have been unjustly enriched); Count V, ¶ 111 (alleging that Option One is liable for a "mutual mistake"); Count VI, ¶ 117-18 (alleging that Option One committed an unfair and deceptive trade practice in violation of state law for which BAC and BOA have successor liability) and ¶ 117(h) (alleging that BAC and BOA have successor liability with respect to Truth-in-Lending Act violations); Count VII, ¶ 126 (alleging that Keauhou Mortgage, Option One, and BAC/BOA breached a contract); Count VII (alleging that Option One caused Levy emotional distress for which BAC and BOA are liable);

Count IX, ¶¶ 141, 143 (alleging that Option One violated the Gramm-Leach-Bliley Act and that BAC and BOA are liable for those violations); and Count X, ¶ 149 (alleging that BAC has no right to, title to, or interest in Levy's property). Instead, Counts I to X of the proposed Amended Complaint appear to be asserted against Option One, Keauhou Mortgage, and another bank (or one of its related companies or loan servicers).

Because Levy did not timely file an Amended Complaint, and because the proposed Amended Complaint fails to assert a viable claim against Wells Fargo, the court denies Levy's motion for leave to file his proposed Amended Complaint.

III.     ANALYSIS.

When the court dismissed Levy's original Complaint, the court granted him leave to file an Amended Complaint no later than July 12, 2011. Levy did not timely file such an Amended Complaint. Instead, two days later, on July 14, 2011, Levy filed the present motion to file a proposed Amended Complaint. See ECF No. 24. Levy's counsel gave the same excuse he has given to justify other untimely filings--"administrative error." In Casino v. Bank of America, 2011 WL 2619500 (D. Haw. July 1, 2011), this judge explained to Levy's counsel that "administrative error," without more, was insufficient to justify the filing of a late opposition. The order in Casino was issued

less than two weeks before Levy filed the present motion and appears to have been ignored by Levy's counsel.

In Rey v. Countrywide Home Loans, Inc., Civ. No. 11-00142 JMS/KSC, Levy's counsel similarly claimed that "administrative error" had caused a failure to timely file an amended complaint by June 27, 2011. Levy's counsel submitted his own declaration in connection with a June 29, 2011, motion to excuse the untimeliness in that case, stating that his office "hired an additional experienced paralegal to ensure this type of oversight does not happen again." See Rey, Civ. No. 11-00142 JMS/KSC, ECF No. 25-1, ¶ 7.

Levy's counsel has missed deadlines in many other recent cases. For example, on March 22, 2011, in Enriquez v. Aurora Loan Services, LLC., Civ. No. 10-00281 SOM/KSC, Levy's counsel sought an extension of time to submit a late opposition to a motion to dismiss, saying that there had been "an oversight in our office calendaring" and that counsel had "taken steps to avoid such an oversight in the future." See Enriquez, Civ. No. 10-00281 SOM/KSC, ECF No. 24. In Enriquez, this judge ultimately issued an order to show cause on why Levy's counsel should not be sanctioned for repeatedly missing court deadlines, including filing an opposition in that case only 5 calendar days before the scheduled hearing, rather than the usual 21 days. Id., ECF No. 32. The court noted in the order to show cause that Levy's

counsel had filed late oppositions in Kapahu v. BAC Home Loans Servicing, LP, Civ. No. 10-00097 JMS/BMK, and Santiago v. Bismark Mortgage Company, Civ. No. 10-467 SOM/KSC. Levy's counsel paid the sanctions in Enriquez on April 13, 2011, instead of challenging the order to show cause. Id., ECF No. 33.

Levy's counsel's significant history of flouting court deadlines would on its own be sufficient to deny Levy's motion to file an untimely Amended Complaint. More importantly, however, the proposed Amended Complaint fails to assert claims against the sole named Defendant, Wells Fargo. The ten counts asserted in the Complaint claim that Keauhou Mortgage, Option One, and/or BAC/BOA are liable to Levy, but none of those entities is named as a Defendant.

Wells Fargo is the only named Defendant in the proposed Amended Complaint. But as in the original Complaint, the allegations against Wells Fargo in the proposed Amended Complaint are too sparse to satisfy the minimal pleading standards set forth in Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In fact, the proposed Amended Complaint does not indicate why Wells Fargo should be held liable at all. In dismissing the original Complaint, this court reminded Levy's counsel of his Rule 11 obligations. That is, the court reminded Levy's counsel that, if an Amended Complaint was asserted against Wells Fargo, the

7

Amended Complaint should contain factual allegations supporting the claims against Wells Fargo. The proposed Amended Complaint did not contain such allegations. In paragraph 9, the proposed Amended Complaint alleges that Wells Fargo is a New York corporation that is doing business in Hawaii. In paragraph 54, it alleges that Levy's loan was sold to Wells Fargo. In paragraph 57, the proposed Amended Complaint alleges that Wells Fargo may have taken an interest in Levy's loan with knowledge of Option One's alleged bad acts, but nowhere does Levy allege that such knowledge automatically makes Wells Fargo liable for Option One's alleged bad acts. In paragraphs 73 to 75, Levy alleges that Wells Fargo improperly issued a notice of intent to foreclose. In paragraphs 77 to 79, Levy alleges that Wells Fargo knew or should have known about Option One's alleged bad acts and that Wells Fargo agreed to abide by the conditions set forth in the Troubled Asset Relief Program. Again, Levy does not allege that Wells Fargo's alleged knowledge automatically places Wells Fargo in Option One's shoes. Levy falls short of alleging facts supporting a claim upon which relief can be granted, especially because none of the claims asserted in the proposed Amended Complaint is actually asserted against Wells Fargo.

As the proposed Amended Complaint would be subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the proposed amendment would be futile. Accordingly,

the court denies Levy's motion to file his proposed Amended Complaint. See Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court does not abuse its discretion in denying leave to amend where amendment would be futile.").

IV.     CONCLUSION.

The court denies Levy's motion for leave to file his Amended Complaint. However, to avoid prejudicing Levy for his counsel's "administrative error," the court gives Levy leave to file another motion to amend his complaint no later than August 29, 2011. Any proposed Amended Complaint must be attached to such a motion. If Levy fails to file such a motion, judgment will automatically be entered in favor of Wells Fargo. If Levy chooses to file an Amended Complaint, he should comply with the warnings given in this court's June 22, 2011, order. That is, if Levy chooses to pursue claims against Wells Fargo, the proposed

Amended Complaint should contain allegations that support claims against Wells Fargo.  Any proposed Amended Complaint should not be a regurgitation of a "form complaint."

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 22, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Levy v. Wells Fargo, et al., Civil No. 11-00159 SOM/KSC; ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT