IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DAVID LEVY, | ) | CIV. NO. 11-00159 SOM/KSC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| WELLS FARGO BANK, as Trustee for Option One Mortgage Loan Trust 2006-1, Asset Backed Certificates, Series 2006-1; et al. | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION FOR RECONSIDERATION

I.  INTRODUCTION.

On June 22, 2011, this court dismissed the Complaint filed by Robin R. Horner, Esq., on behalf of his client, David Levy, giving Levy leave to file an Amended Complaint no later than July 12, 2011.  See Order Dismissing Complaint, ECF No. 23, June 22, 2011.  Horner failed timely file an Amended Complaint on behalf of Levy.  Instead, on July 14, 2011, claiming "administrative error" with no further explanation, Horner filed a motion to file a proposed Amended Complaint.  See ECF No. 24.

That motion was denied on August 23, 2011, with the court explaining that Horner's repeated assertion of "administrative error," without more, was insufficient to justify his failure to timely file an Amended Complaint on behalf of Levy.  See Order Denying Motion for Leave to File Amended Complaint, ECF No. 26, Aug. 23, 2011.  That order detailed some

of Horner's failures to comply with deadlines because of "administrative error."  Id.  The court additionally noted that Defendant Wells Fargo was barely mentioned in the lengthy proposed Amended Complaint and that the filing of it would have been futile because it asserted claims against Lenders who were not Defendants in this case, not against Wells Fargo.  Id. "However, to avoid prejudicing Levy for his counsel's 'administrative error,' the court [granted] Levy leave to file another motion to amend his complaint no later than August 29, 2011."  Id.  The court warned, "If Levy fails to file such a motion, judgment will automatically be entered in favor of Wells Fargo."  Id.  Having received no such motion by the deadline, the court entered judgment against Levy on August 30, 2011.  See ECF No. 27.

On September 12, 2011, Levy, through Horner, filed a "Motion for Reconsideration of the Court's Order Dated August 30, 2011."  This motion does nothing more than rehash the same argument Horner had made numerous times.  In fact, the motion is very similar to another motion for reconsideration filed in Casino v. Bank of America, Civ. No. 10-00728 SOM/BMK, ECF No. 39, July 15, 2011.  That motion was denied on August 15, 2011, with the court once again explaining the insufficiency of Horner's repeated assertion of "administrative error" to justify his numerous failures to follow deadlines.  See Order Denying the

Casino's Motion for Reconsideration, Civ. No. 10-00728 SOM/BMK, ECF No. 45, Aug. 15, 2011.

Despite being told that his repeated invocation of "administrative error," without more, is insufficient to justify untimely filings, see ECF No. 26, Horner once again invokes "administrative error" in the present reconsideration motion. It also claims that Horner has taken steps to prevent such "administrative errors"--the same claim Horner has advanced in other cases before this court. See ECF No. 28; Rey v. Countrywide Home Loans, Inc., Civ. No. 11-00142 JMS/KSC, ECF No 25-1, June 29, 2011 (Horner claiming "administrative error" caused a failure to timely file an amended complaint and that he "hired an additional experienced paralegal to ensure this type of oversight does not happen again"); Enriquez v. Aurora Loan Services, LLC, Civ. No. 10-00281 SOM/KSC, ECF No. 24, Mar. 4, 2011 (letter from Horner indicating that an oversight in calendaring caused an opposition to not be timely filed and stating that steps have been taken to avoid such oversights in the future). Horner does not explain why he ignored this court's warning that, if he failed to file a motion seeking leave to file an Amended Complaint by August 29, 2011, judgment would automatically be entered against his client. Instead, he once again ignored a deadline. Accordingly, the motion for reconsideration, ECF No. 28, is denied.

II.   STANDARD.

In part, the motion for reconsideration is brought under Rule 59(e) of the Federal Rules of Civil Procedure, which authorizes motions to alter or amend judgment. Motions to alter or amend judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." 11 Charles Alan Wright, Arthur Miller, and Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995). A decision whether to grant or deny a Rule 59(e) motion is committed to the sound discretion of this court. McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) ("the district court enjoys considerable discretion in granting or denying the motion"); see also Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001) ("denial of a motion for reconsideration is reviewed only for an abuse of discretion"). There are four basic grounds on which a Rule 59(e) motion may be granted: 1) a manifest error of law or fact upon which the judgment is based; 2) newly discovered or previously unavailable evidence; 3) manifest injustice; and 4) an intervening change in controlling law. McDowell, 197 F.3d at 1255 n.1.

The reconsideration motion is also brought under Rules 60(b)(1), (2) and (6) of the Federal Rules of Civil Procedure, which permit relief from "final" judgments, orders, or proceedings based on: "(1) mistake, inadvertence, surprise, or

excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). . .; or (6) any other reason that justifies relief." Like motions brought under Rule 59(e), Rule 60(b) motions are committed to the discretion of the trial court. Barber v. Haw., 42 F.3d 1185, 1198 (9th Cir. 1994) ("Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court.").

The Ninth Circuit has noted that, for purposes of Rule 60(b), "excusable neglect" is liberally construed. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). Nevertheless, ignorance and carelessness on the part of the party or his or her attorney do not provide grounds for relief under Rule 60(b)(1). Engleson v. Burlington N. R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992). When a party misses a filing deadline, the Ninth Circuit has instructed courts to examine four factors to determine whether there was "excusable neglect": "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381-82 (9th Cir. 1997) (adopting test and quoting from Pioneer Inv. Servs. Co. v. Brunswick

Assocs., Ltd., 507 U.S. 380 (1993)); accord Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223 (9th Cir. 2000)).

III.     ANALYSIS.

Horner, counsel for Levy, once again raises the same tired argument. That is, he again claims "administrative error" as justification for another failure to comply with court deadlines. As discussed in the August 23, 2011, order seeking leave to file an Amended Complaint, a mere statement that there was an "administrative error," without more, does not justify a failure to comply with deadlines, especially given how often Horner has failed to meet deadlines and has cited "administrative error" as the cause of those failures.

In this case, Horner not only failed to timely file an Amended Complaint, which he was given leave to file, but also failed to comply with a subsequent deadline to file a motion seeking leave to file an Amended Complaint. The court specifically told Horner that, in denying his motion for leave to file an Amended Complaint, the court did not want to prejudice Levy and therefore gave him an opportunity to file a motion seeking leave to file an Amended Complaint no later than August 29, 2011. The court warned that, if such a motion was not timely filed, judgment would automatically be entered. The motion for reconsideration claims "administrative error" as the reason the

Amended Complaint was not timely filed, but provides no reason why the separate deadline to file a motion seeking leave to file an Amended Complaint was ignored.

Given the failure to explain why the second chance was not taken, the motion for reconsideration fails to satisfy both Rules 59(e) and 60(b). First, it fails to provide any reason why reconsideration would be justified under Rule 59(e). Second, although the entry of judgment may prejudice Levy, the motion for reconsideration fails to justify the delay in the proceedings, and, in fact, fails to provide any reason for the delay, other than Horner's inability to comply with court deadlines. Under these circumstances, the court cannot find a good faith delay or excusable neglect for purposes of Rule 60(b)(1). See Briones, 116 F.3d at 381-82. The reconsideration motion also fails to demonstrate new evidence for purposes of Rule 60(b)(2). Nor does it describe any "extraordinary circumstance" justifying relief under Rule 60(b)(6). See Community Dental Servs. v. Tani, 282 F.3d 1164, 1170-71 (9th Cir. 2002) (holding that an attorney's actions, which included not only ignoring deadlines but also lying to the client about the status of litigation, amounted to "gross negligence," which may constitute "extraordinary circumstances" for purposes of Rule 60(b)(6), and which is distinguishable from negligence or neglect).

Because no explanation is given as to why no timely motion was filed by August 29, 2011, the court has no reason to reconsider the entry of judgment on August 30, 2011. The court understands that Levy is being denied the opportunity to have some of his claims adjudicated on the merits, and that counsel's actions are prejudicing Levy. However, this court's attempt in another action to punish only Horner, not his client, by ordering Horner to pay a fine has had no effect on Horner. Horner paid the fine but did not adjust his conduct. At this point, the court must also consider the prejudice other parties endure when Horner flouts deadlines and keeps Defendants "on the hook" for long periods.

This ruling, of course, does not leave Levy without any remedy.[1] See Link v. Wabash R. Co., 370 U.S. 626, 634 n.10 (1962) ("And if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping

---

[1] The court notes, however, that Levy is prejudiced only if, but for Horner's conduct, Levy had claims that might have been successful. Some of the counts in the proposed Amended Complaint are similar to counts asserted in an Amended Complaint filed in Rey v. Countrywide Home Loans, Inc., Civ. No. 11-00142 JMS/KSC. In that case, Judge Seabright issued Rule 11 sanctions when Horner reasserted in an amended complaint claims that were nearly identical to those that were earlier dismissed. See Order . . . Issuing Rule 11 Sanctions Against Plaintiff's Counsel, Robin Horner, Civ. No. 11-00142 JMS/KSC, ECF No. 42, Sept. 13, 2011. It is not clear that, had this court allowed Horner to file a late motion, it would have been granted, or that, if Horner had been given leave to file amended claims, Levy would have prevailed on any of them.

8

this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant.").

IV.     CONCLUSION.

For the foregoing reasons, the court denies the motion for reconsideration, ECF No. 28.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 14, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Levy v. Wells Fargo, et al., Civil No. 11-00159 SOM/KSC; ORDER DENYING MOTION FOR RECONSIDERATION